IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALZONTA MAGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO.  05-093-GPM |
| | ) |
| DEBI MIDDENDORF, WILLIAM | ) |
| SPILLER, EUGENE McADORY, | ) |
| CHARLES HINSLEY, and | ) |
| JAY HAMILTON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case now is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.–** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and, thus, subject to summary dismissal.

In this case, Plaintiff alleges that on several different occasions, each of the Defendants failed to respond to one of his grievances, or failed to respond in a timely manner, thus thwarting his efforts to exhaust his administrative remedies before filing suit over one or more incidents. He argues that Defendants have violated his constitutional rights, as well as his rights under various provisions of Illinois state law.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

Furthermore, under the language of 42 U.S.C. § 1997e, Plaintiff is only required to exhaust those remedies "available" to him. If prison officials prevent a prisoner from using certain remedies, those remedies are not "available" under Section 1997e. *See Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). Likewise, if officials prevented him from completing the administrative remedy process, such an argument would impact whether the doctrine of equitable estoppel could be raised in any lawsuit in which exhaustion of administrative remedies became an issue. *See generally Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001); *Gibson v. West*, 201 F.3d 990, 993-94 (7th Cir. 2000); *White v. Bentsen*, 31 F.3d 474, 474-76 (7th Cir. 1994).

In summary, Plaintiff has not presented a viable constitutional claim regarding Defendants'

handling of his various grievances.  Therefore, Plaintiff's complaint does not survive review under § 1915A, and this action is **DISMISSED** on the merits.  All pending motions are now **MOOT**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

    **IT IS SO ORDERED.**

    DATED:  02/28/06

s/ G. Patrick Murphy  
G. PATRICK MURPHY  
Chief United States District Judge
